# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**RICHARD ARZILLO**

      **Plaintiff,**

**v.**                                 **Case No. _____**

**THE SCHOOL BOARD OF POLK COUNTY, FLORIDA**

      **Defendant.**

_____/

## PLAINTIFF RICHARD ARZILLO'S COMPLAINT

Plaintiff, Richard Arzillo, by and through his undersigned and files this, his complaint against Defendant The School Board of Polk County, Florida, and states as follows in support thereof:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives the district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color

of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

3.  Plaintiff brings this action to redress a denial of due process of law and equal protection of the laws under the United States and Florida Constitutions, together with supplemental state law causes of action.

4.  This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since Defendant resides in this district and the events giving rise to the claims occurred in this district.

## **THE PARTIES**

6.  Plaintiff, Richard Arzillo, was a licensed teacher in the State

of Florida.

7. At all material times, Plaintiff was a resident of the County of Polk, State of Florida.

8. Plaintiff worked for the School Board of Polk County, Florida ("School Board") under a Professional Services Contract for the 2016-17 school year.  In truth, Plaintiff has been a licensed Florida teacher and worked for Defendant beginning in August 2007.

9. Plaintiff Richard Arzillo was a member of the Polk Education Association ("PEA), the collective bargaining agency that represented him as a teacher.

10. Plaintiff Richard Arzillo has a Masters in Educational Leadership and was certified by the Florida Department of Education in the following subject areas: Physics; Technology; Business Education; Educational Leadership; Elementary Education; Exceptional Student Education; Mathematics; and Social Sciences.  Many of these are areas of critical teaching needed in Polk County.

11. The Defendant School Board is a public educational institution located in the County of Polk, State of Florida.

12. At all material times, Defendant operates the public school system in and for the County of Polk, State of Florida.

## FACTS

13. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

14. At all material times, the School Board was receiving federal funding.

15. The School Board implemented and executed policies and customs regarding the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

16. The School Board is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

17. The School Board is responsible for the acts and omissions of its employees.

18. During the school year 2015/2016, Plaintiff Richard Arzillo worked at Sleepy Hill Middle School under the supervision of

Principal Catherine Blackburn.

19. During the 2015/2016 school year, Plaintiff Richard Arzillo also worked with his former spouse, Gretchen Arzillo, at Sleepy Hill Middle School and was a school site union representative with the Polk Education Association.

20. Due to an incident in December of 2015, Plaintiff Richard Arzillo transferred to Lakeland High School in 2016/2017.

21. Plaintiff Richard Arzillo and Defendant School Board, along with Mr. Tony Kirk, a human resource administrator with School Board, and Ms. Catherine Blackburn, were scheduled for an arbitration hearing on May 3, 2017, regarding a three-day suspension resulting from the unrelated incident that happened in December of 2015.

22. On the eve of May 1, 2017, just two days before the scheduled arbitration, Plaintiff Richard Arzillo had a domestic dispute with his then spouse, Gretchen Arzillo, who was still employed at Sleepy Hill Middle School and still under the supervision of Ms. Catherine Blackburn.

23. Plaintiff Richard Arzillo was incarcerated due to unsubstantiated allegations, and Ms. Catherine Blackburn

came to Plaintiff's home that evening to check on her employee Gretchen Arzillo. She became aware of the incarceration and shared that information with the School Board. The scheduled arbitration was canceled, and the arbitrator was notified.

24. On the morning of May 4, 2017, Plaintiff Mr. Arzillo was released from county jail, and he called his supervisor, Mr. Arthur Martinez, to self-report his incarceration. He also reported his absence following district policy through the district's teacher reporting system Aesop.

25. On May 5, 2017, Mr. Tony Kirk met with Plaintiff Richard Arzillo at the office of the Polk Education Association offices and instructed him not to return to work. Mr. Tony Kirk then confiscated the Plaintiff's employee badge and refused to reschedule the pending arbitration.

26. On May 12, 2017, a representative of Richard Arzillo, engaged by the Polk Education Association, sent an email to Tony Kirk in the School District's Human Resources Department, preserving Petitioner's right to a formal administrative hearing regarding his termination.

27. On May 23, 2017, a formal request for an administrative

hearing on behalf of Plaintiff was filed with Defendant School Board.

28. In June 2017, Defendant School Board terminated Mr. Arzillo without providing a formal hearing.

29. On October 24, 2017, Defendant School Board denied Plaintiff's request for a formal hearing, contending that he had voluntarily resigned his employment and alleging that he was not entitled to a hearing.

30. On November 7, 2017, Petitioner Richard Arzillo filed a Writ of Mandamus in the 10th Judicial Circuit Court, directing the School Board to provide a post-termination administrative hearing.

31. On April 19, 2018, the 10th Judicial Circuit Court transferred the Writ of Mandamus due to questions of jurisdiction.

32. On March 27, 2019, Defendant School Board filed a motion to relinquish jurisdiction to the Florida Division of Administrative Hearings and grant Plaintiff's Writ.

33. On April 23, 2019, the Second District Court of Appeals dismissed the case.

34. Following the dismissal of the case, the Defendant School

Board once again asserted it had no legal obligation to provide a hearing and refused to provide it.

35. On June 16, 2020, Plaintiff sent a final letter requesting a hearing, citing the motion prepared by Defendant in which they suggested that a hearing was necessary. There was no response from School Board.

36. Under Florida law, a school board's decision to terminate an employee affects the employee's substantial interests; therefore, the employee is entitled to a formal hearing under Section 120.57(1), Florida Statutes, when material issues of fact are in dispute. *Sublett v. Dist. School Bd. Of Sumter County*, 617 So2d 374 (5th DCA 1993).

37. In the present case, Plaintiff alleges that there was no just cause for his termination.

38. Plaintiff was entitled to a formal administrative hearing since material facts were in dispute.

39. To the extent Defendants deny or oppose Plaintiff's entitlement to a formal administrative hearing, Defendants are challenging the facts as stated by Plaintiff, thereby creating, at most, a disputed issue of fact.

40. Plaintiff was deprived of his property interest in his continued employment without due process of law when Defendant failed to provide him with a formal administrative hearing.

41. Before terminating Plaintiff, Defendant was required to have just cause to do so. Defendant was required to establish just cause at a post-disciplinary hearing per due process of law under the United States and Florida Constitutions.

42. Defendants were required to afford Plaintiff an administrative hearing to challenge the consequences of his termination, which was not a resignation as they allege.

43. Defendants were required to afford Plaintiff an administrative hearing to determine whether Defendant had just cause to terminate employment.

44. Under *Tieger v School Board of Palm Beach County*, 717 So. 2d 172 (Fla. 4th DCA 1998), the Florida Court of Appeals held that Florida teachers are entitled to formal administrative hearings regarding employment terminations. This is in complete agreement with *Laudermill*, 470 U.S. 532 (1985), in which the Supreme Court held that employees with a property interest in their jobs are entitled to certain due process rights

before termination, including oral or written notice of the charges against them, an explanation of the employer's evidence, and an opportunity to be heard in response to the proposed action.

45. Plaintiff did not voluntarily terminate his employment with Defendant and never relinquished his right to a hearing.

46. Specific examples of the violations of Plaintiff's rights include, but are not limited to the following:

   a. Defendant denied Plaintiff the right to a formal administrative hearing under Fla. Stat. 120.57;

   b. Defendant denied Plaintiff the right to a formal administrative hearing pursuant to the parties' collective bargaining agreement;

   c. Defendant denied Plaintiff the right to reschedule the pending arbitration hearing pursuant to the parties' collective bargaining agreement.

47. As a result of Defendants conduct and misconduct under color of law, Plaintiff was deprived of his rights under 42 U.S.C. Sec. 1983 and state and federal law.

48. Plaintiff has suffered injury and damages as a direct and

proximate result of Defendant's actions.

49. Plaintiff is entitled to full reinstatement and all lost benefits and privileges to his teaching position with Defendant School District.

## COUNT I: VIOLATION OF 42 U.S.C. § 1983

50. Paragraphs 1 through 45 are incorporated by reference as if stated in full herein.

51. To prevail in a claim under section 1983, the Plaintiff must prove two elements: (a) a person subjected the Plaintiff to conduct that occurred under color of state law, and (b) this conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.

52. A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"

53. Defendant is a "person" under § 1983.

54. For all times pertinent hereto, Defendants acted under color

of law.

55. Denial of a hearing violates 42 U.S.C. Sec. 1983 and the Due
Process Clause of the Fourteenth Amendment.

56. Defendants wrongfully terminated Plaintiff in violation of
Plaintiff's contract and property rights.

57. Plaintiff has suffered injury and damages as a direct and
proximate result of Defendants' conduct and misconduct.

58. Plaintiff is entitled to reinstatement to his position as a
teacher for the School District.

## COUNT II: VIOLATION OF DUE PROCESS OF LAW

59. Paragraphs 1 through 45 are incorporated by reference as if
stated in full herein.

60. The Due Process Clause of the Fourteenth Amendment
provides "nor shall any State deprive any person of life, liberty,
or property, without due process of law." U.S. Const. amend.
XIV, § 1.

61. The procedures used to notify Plaintiff that the School Board
intended to terminate him and/or the procedures used to
terminate him and/or the deprivation of Defendant's right to a
fair hearing violated his due process rights under the United

States Constitution. It breached the contract of employment between Plaintiff and the Defendant School Board under the disciplinary procedures of the collective bargaining agreement.

## COUNT III: BREACH OF CONTRACT

62. Paragraphs 1 through 45 are incorporated by reference as if stated in full herein.

63. Plaintiff and Defendant were parties to the collective bargaining agreement attached hereto as Exhibit A.

64. The Defendant breached the contract by wrongfully terminating Plaintiff.

65. The Defendant breached the contract by failing to afford Plaintiff a fair hearing under the collective bargaining agreement and Florida Statute.

66. The Defendant breached the contract by failing to reschedule his arbitration hearing pursuant to the collective bargaining agreement

67. As a direct and proximate result of Defendant's breaches of contract, Plaintiff has suffered injury and damages.

68. Plaintiff is entitled to a fair hearing.

69. Plaintiff is entitled to reinstatement.

70.  Plaintiff is entitled to an award of money damages in an

amount to be determined by a jury or other trier of fact.

**WHEREFORE**, Plaintiff hereby respectfully requests judgment in

Plaintiff's favor for money damages to the extent determined by a

jury, and/or for reinstatement to his position as a teacher for

Defendant School District, including back pay with benefits and/or for

a fair hearing as required by law.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all matters for which a jury

trial is allowed under the law.

Respectfully Submitted this 4th day of May 2021.

_____
Kevin F. Sanderson, Esq.
Florida Bar No. 598488
Kevin F. Sanderson, Chartered
7717 Holiday Drive
Sarasota, FL 34231
Tel: (941) 444-1548
Fax: (941) 924-0086
kevin@srqattorney.com
Trial Attorney for R. Arzillo