UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD ARZILLO,

        Plaintiff,

v.                           Case No. 8:21-cv-1070-WFJ-AEP

THE SCHOOL BOARD OF
POLK COUNTY, FLORIDA,

        Defendant.

_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Sanctions and Motion to Compel Discovery Responses (Doc. 35). Defendant opposes Plaintiff's requests (Doc. 39). Plaintiff filed a response (Doc. 41).[1]

## I.    BACKGROUND

Plaintiff filed this action against Defendant for violation of 42 U.S.C § 1983, violation of due process, and breach of contract (Doc. 20). On November 12, 2021, Plaintiff served Defendant with interrogatories and requested to coordinate deposition dates to depose the School Board members "individually and at the same time" (Doc. 35-1, at 1). Defendant's counsel responded that he was not agreeable to having Plaintiff depose the School Board members (Doc. 35-1, at 9).

---

[1] Although the Court reviewed and considered Plaintiff's reply in addressing Plaintiff's original motion, Plaintiff's reply was unauthorized. *See* Local Rule 3.01(d), M.D. Fla. ("Without leave, no party may file a reply directed to a response . . ..").

Additionally, Defendant's counsel stated that if Plaintiff had any specific witnesses he wished to depose, Plaintiff should name them, and Defendant would let Plaintiff know its position (Doc. 35-1, at 9). On November 23, 2021, Plaintiff emailed Defendant's counsel a notice of deposition naming the School Board of Polk County, Florida as the deponent and setting the deposition for January 10, 2022 (Doc. 35-1, at 13-15). Defendant's counsel sought to clarify the deposition notice and asked Plaintiff if he wished to depose a School Board employee as a corporate representative or the School Board members (Doc. 39, at 7). Plaintiff agreed that deposing a School Board representative was agreeable (Doc. 35-1, at 16). Plaintiff also noted that he did not have time to prepare for his deposition until late January (Doc. 35-1, at 16). According to the parties, they exchanged additional correspondence leading into the new year.[2] On January 10, 2022, Defendant did not appear at the deposition Plaintiff had previously noticed (Doc. 35-1, at 19).

## II.   DISCUSSION

Plaintiff requests that this Court sanction Defendant and compel Defendant to amend its answers to Plaintiff's First Set of Interrogatories. Plaintiff argues that Defendant's counsel failed to attend a properly noticed deposition. Additionally, Plaintiff argues that the Court should compel Defendant to answer Plaintiff's interrogatories because Defendant designated a Human Resources Director to

---

[2] The Parties did not submit a complete record of the correspondence between them during this time.

answer questions on its behalf and the answers are incomplete, evasive, and the objections are contrary to the law.

District courts maintain broad discretion to impose sanctions, a power which "derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citation omitted). "To impose sanctions under these inherent powers, the court first must find bad faith." *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

Plaintiff contends that Defendant's counsel engaged in misconduct by failing to attend the deposition Plaintiff had noticed for January 10, 2022, and not communicating with Plaintiff a reason for not attending. Plaintiff did not provide a complete record of the communications between him and Defendant's counsel. Regardless, based on Defendant's response to the motion (Doc. 39) and the emails included by Plaintiff (Doc. 35-1), it appears that the parties were working toward finding dates to conduct the School Board's representative and Plaintiff's deposition. After Defendant's counsel received Plaintiff's notice of deposition and reached out to Plaintiff for clarification of who Plaintiff wanted to depose, Plaintiff stated "[f]or now, I think deposing the representative is fine, we just need to agree on a date" (Doc. 39, at 7). Nothing in the emails supports Plaintiff's assertion that sanctions are warranted at this time. The Court understands that the parties have a

vested interest in the outcome of the case, thus, the parties are to coordinate times that work with each other's schedules.

As discussed above, Plaintiff's requests for sanctions is not appropriate based on the record before the Court at this time. The parties are directed to meet and confer to schedule the School Board's representative's deposition and regarding the discovery issues raised in Plaintiff's Motion. After the School Board's representative's deposition, if Plaintiff feels that it is necessary to depose School Board members, the parties are to meet and confer and if there is disagreement, Defendant should file a motion for protective order. Additionally, if issues remain regarding discovery after the parties meet and confer, then Plaintiff may renew his Motion to Compel.

Accordingly, it is hereby

ORDERED:

1.   Plaintiff's Motion for Sanctions and to Compel Discovery Responses (Doc. 35) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Tampa, Florida, on this 18th day of February, 2022.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record
       Plaintiff, *pro se*

4